UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME EUGENE TODD,

    Plaintiff,

v.                                                  Case No. 5:14cv286/RV/CJK

MICHAEL B. MIKASEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Federal Correctional Institution who is proceeding *pro se*, has filed a complaint (docs. 1, 5), motion to stay (doc. 2), motion to transfer (doc. 3), and motion to proceed *in forma pauperis* (doc. 9).[1]  Upon review of the original and first amended complaint, the court concludes that this case should be transferred to the United States District Court for the Western District of Washington based on venue considerations.

Plaintiff is incarcerated at the Federal Correctional Institution in Marianna, Florida.  Plaintiff appears to allege that the defendants conspired to defraud the

---

[1] Plaintiff also has filed a motion to amend his complaint (doc. 5) and motion for pretrial conference (doc. 7).

United States through the filing of fraudulent indictments in the Western District of Washington.

Venue for actions under 28 U.S.C. § 1331 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. In addition, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The Northern District and the Panama City Division have little to no relation to the litigation at issue. It is unclear why plaintiff filed his pleadings here, as the

Case No: 5:14cv286/RS/CJK

events of which plaintiff complains took place in the Western District of Washington, where the majority of defendants presumably reside.  Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district and division.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Western District of Washington.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of November, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 5:14cv286/RS/CJK