UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME EUGENE TODD,

                Plaintiff,

  v.

MICHAEL B. MUKASEY, et al.,

                Defendants.

Case No. C14-1873 JCC-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Jerome Eugene Todd is incarcerated at the Federal Correctional Institution in Marianna, Florida.  On December 10, 2014, this case was transferred from the Northern District of Florida (Case No. 14-286 RS-CJK).  Dkt. 14.  Prior to transfer, Mr. Todd filed an original "Major Fraud Against the United States" complaint pursuant to 18 U.S.C. ¶ 1031, a motion to amend, a first amended complaint, a motion for leave to proceed in forma pauperis, an emergency motion for preliminary injunction, motion to amend pursuant to Rule 15(c), and objection to the transfer.

The undersigned recommends that this matter be dismissed and all pending motions denied as moot because there is no private cause of action under 18 U.S.C. ¶ 1031 and no amendment can cure such a deficiency.  To the extent Mr. Todd's complaint can be construed as one for violation of his civil rights under 28 U.S.C. ¶ 1983, his claims are time-barred and his request for damages barred are by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

The government obtained an indictment against Mr. Todd on November 21, 2007 and a superseding indictment on February 8, 2008. *United States v. Todd*, 627 F.3d 329, 332 (9th Cir. 2010). After a May 2008 trial, a jury found him guilty on one count of conspiracy to engage in sex trafficking in violation of 18 U.S.C. §§ 371 and 1591(a)(1); three counts of sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1); and one count of interstate transportation in furtherance of prostitution in violation of 18 U.S.C. § 2421. *United States v. Todd*, CR07-395-JLR (hereinafter "CR") (Dkts. 128 & 129). The Court entered judgment against Mr. Todd and on September 29, 2008, sentenced him to sixty months of imprisonment on the conspiracy count, 312 months on the sex trafficking counts, and 120 months on the transportation count, with all sentences to run concurrently. *Id*. (Dkts. 165 & 166). The convictions were affirmed on November 15, 2010. *United States v. Todd*, 627 F.3d 329, 334-35 (2010).

In the present complaint, Mr. Todd purports to sue the former and present United States Attorneys Michael Mukasey and Eric Holder; Assistant United States Attorneys Ye Ting Woo, Karyn S. Johnson, Helen J. Brunner, Douglas Whalley, Robert Westinghouse; United States District Court Judges James L. Robart and Maurice M. Paul; United States Magistrate Judges Mary Alice Theiler and Elizabeth M. Timmothy; Circuit Judges Harry Pregerson and John T. Noon; the Solicitor General of the United States Milian D. Smith, Jr.; and, the United States Sentencing Commission and United States Department of Justice. He contends that these individuals and entities have perpetrated a "major fraud against the United States, pursuant to Title 18, United States Code ¶ 1031." 18 U.S.C. ¶ 1031 provides, in part, that whoever knowingly executes or attempts to execute any scheme to defraud the United States to obtain money by fraudulent means as a contractor or prime contractor in a prime contract valued at $1

million or more may be subject to a fine or $1 million or up to ten years imprisonment.

Mr. Todd alleges that the United States Sentencing Commission conspired to conceal a new mandatory minimum term of imprisonment of 15 years under 18 U.S.C. ¶ 1591(b)(1) (sex trafficking of children or by force, fraud, or coercion) in order to obtain $1 million in federal assistance funds as a prime contractor for the United States.  He claims that the listed defendants (including all federal prosecutors and judges) perpetrated a fraud on the United States by submitting false and fraudulent criminal indictments in order to obtain federal funds, including the criminal indictments brought against him in this District (Case No. CR07-395-JLR-1). According to Mr. Todd, those indictments were a direct result of this "racketeering activity" and caused direct injury to him.  Dkt. 1.  He seeks punitive damages of $200 million under the Trafficking Victims Protection Act (the statute under which he was convicted in 2008), claiming that defendants subjected him to "force labor (slavery)."

**DISCUSSION**

With regard to alleged violations of 18 U.S.C. ¶ 1031, Mr. Todd has failed to cite and this Court has been unable to locate, any authority which would support implying a civil cause of action for violations of this statute.  Federal criminal statutes do not provide a basis for a private cause of action, but, rather, must be prosecuted by the Attorney General.  Therefore, Mr. Todd may not proceed under Title 18 in this action.

In addition, Mr. Todd has no constitutional right to have another person criminally prosecuted.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another").

To the extent Mr. Todd is claiming that the Defendants violated his constitutional rights, his claims are time-barred.  The appropriate statute of limitations for a 42 U.S.C. § 1983 claim is

REPORT AND RECOMMENDATION - 3

the forum state's statute of limitations for tort actions, which in Washington is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing RCW 4.16.080(2)). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Two Rivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999).

Mr. Todd claims that he was injured by the allegedly materially false and fraudulent November 2007 and February 2008 indictments. Dkt. 1. Thus, the statute of limitations for these claims expired in 2011, three years after he was indicted or at the latest in September 2011, three years after he was convicted. Mr. Todd filed this lawsuit in October 2014. Because the allegations contained in his complaint clearly show that relief is barred by the applicable statute of limitations, dismissal for failure to state a claim is appropriate. *See Jones v. Bock,* 549 U.S. 199, 215 (2007).

In addition, Mr. Todd cannot proceed in a civil action for damages when a judgment in his favor would necessarily imply the invalidity of his convictions or sentences because he cannot demonstrate that his convictions or sentences have been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Finally, Mr. Todd's claim that he was subjected to slavery and forced labor by his conviction is frivolous. He seeks $200 million pursuant to 18 U.S.C. ¶ 1591, the Trafficking Victims Protection Act, a statute that was meant to criminalize two forms of sex trafficking considered "severe forms of trafficking in persons"; sex trafficking where the victim is under 18 years of age, and sex trafficking in which the act is induced by force, fraud, or coercion. *See* Pub.L. No. 106-386, 114 Stat. 1464, 1466, 1470 (2000). As noted above, a jury found Mr. Todd guilty of three counts of sex trafficking in violation of 18 U.S.C. ¶¶ 1591(a)(1) and 1591 (b)(1).

REPORT AND RECOMMENDATION - 4

## CONCLUSION

The undersigned recommends that this matter be dismissed and all pending motions denied as moot because Mr. Todd has failed to state a valid cause of action and no amendment can cure the deficiencies of his complaint

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **Friday, January 2, 2015.**  The Clerk should note the matter for **Tuesday, January 6, 2015**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 12 pages.  The failure to timely object may affect the right to appeal.

DATED this 15th day of December, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5